UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| YVONNE CLAYTON | § § | CIVIL ACTION NO. 4:24-cv-01724 |
| Plaintiff | § § | |
| VS. | § § | |
| EMILY REAL ESTATE LLC | § § | |
| Defendant | § § | |

# PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT DEEMED ADMISSIONS - OPPOSED

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, YVONNE CLAYTON the Plaintiff in the above-styled and numbered cause, by and through the undersigned counsel, and files the following Motion for Summary Judgment – Deemed Admissions and would present unto this Honorable Court as follows:

I.

1.01    On September 16, 2024 Plaintiff YVONNE CLAYTON propounded written discovery upon Defendant by both email, and regular mail. Responses were due on or before October 16, 2024. Said Requests for Admissions are attached hereto identified as Exhibit "A" and incorporated by reference as if fully set forth in full herein. No responses were filed by the Defendant.

1.02    No responses were filed by the Defendant, therefore pursuant to FRCP the requests for admissions propounded by Plaintiff are deemed admitted. FRCP Rule 36

provides that if the opposing party fails to respond (to Requests for Admissions) within the designated time period, the requested matters are deemed admitted.

1.03    FRCP Rule 56 provides that, a court will grant summary judgment if a Movant can show that there is no genuine issue of material fact and they are entitled to judgment as a matter of law. Pursuant to the deemed admissions, Defendant admits being the owner of the property, and also admits that the property was not in compliance with the Americans With Disabilities Act (ADA) at the time of Plaintiff's visit.

1.04    Additionally, Defendant admits that changes and remediations were made to the parking lot in question subsequent to the filing of Plaintiff's Original Complaint, and specifically with regard to the noncompliance issues raised in Plaintiff's Original Complaint. As such, pursuant to existing caselaw, this conduct places the Plaintiff into the position of a "prevailing party." Pursuant to 42 U.S.C. §12205, the ADA allows a court, in its discretion, to award attorneys' fees to a prevailing party."

1.05    In *Buckhannon Board and Care Home, Inc. v. West Virginia Department of Human Resources*, 532 U.S. 598 (2001), the Supreme Court addressed the issue of attorney's fees which holds that a plaintiff is a prevailing party if the lawsuit brings about a voluntary change in the defendant's conduct. Clearly, by virtue of the deemed admissions <u>and</u> the Defendant making changes and modifications to its parking lot, after the filing of Plaintiff's Original Complaint and specifically in response to the issues raised therein, puts the Plaintiff into the position of a prevailing party. Therefore, the only issue left for the Court to resolve is the award of damages, fees, expenses and attorney's fees.

1.06    On October 30, 3024 Plaintiff's counsel received an email from defense counsel Paul Kirklin (attached hereto identified as Exhibit "B" and incorporated by refence as if fully set forth at length herein) in which defense counsel admitted to receiving the discovery requests by email, but apparently, not by physical mail. Plaintiff's counsel sent said discovery requests by regular mail on September 16, 2024.

1.07    If what defense counsel is alleging is true, why did he wait until October 30, 2024 (two weeks after responses were due – and six weeks after discovery requests were propounded) to inquire about them?  Defense counsel admittedly received the discovery requests, including Requests for Admissions, on September 16, 2024. No response was attempted by defense counsel until October 30, 2024.

1.08    If a pleading is properly addressed and mailed, postage prepaid, a presumption arises that the pleading was properly received by the addressee. *Cliff v. Huggins, 724 S.W.2d 778, 780 (Tex. 1987)*. The certificate of service of the party or attorney is the basis for the presumption. A <u>certificate by a party or an attorney of record is prima facie evidence of the fact of service</u>. Miller v. Prosperity Bank, N.A., 239 S.W.3d 440, 442 (Tex. App.--Dallas 2007, no pet.).

1.09    As additional evidence in support of this motion, Plaintiff submits that on November 1, 2024 Defendant EMILY REAL ESTATE LLC filed responses to discovery, which indicates that Plaintiff's counsel had actual knowledge of the discovery requests, but for some reason, the responses filed were two (2) weeks late. In further support of this motion, Plaintiff's counsel attaches his Sworn Affidavit attached hereto identified as Exhibit "C" and incorporated by reference as if fully set forth at length herein.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that this Hon. Court GRANT Summary Judgment in this case, and to schedule a deadline for Plaintiff's counsel to submit a Motion for Fees and Expenses, to be considered by the Court, and for other and further relief to which the Plaintiff may be justly entitled, at law or in equity.

Respectfully submitted,

BY: ___/S/   R. Bruce Tharpe_____
R. Bruce Tharpe
Texas State Bar ID No. 1982380
Federal Bar ID 13098

**LAW OFFICE OF**
**R. BRUCE THARPE, PLLC**
PO Box 101
Olmito, TX 78575
(956) 255-5111 (Tel)

ATTORNEY OF RECORD FOR
PLAINTIFF YVONNE CLAYTON

DATED:        November 2, 2024

## CERTIFICATE OF CONFERENCE

I hereby certify that I have conferred with the defense counsel representing Defendant EMILY REAL ESTATE LLC regarding the foregoing motion and it is presented as Opposed.

BY: ___/S/   R. Bruce Tharpe_____
R. Bruce Tharpe

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing motion has been forwarded to the defense counsel representing Defendant EMILY REAL ESTATE LLC by hand-delivery and/or by electronic transmission and/or by depositing same in the U.S. mail, postage prepaid, on November 2, 2024 at the following address:

Mr. Paul S. Kirklin
KIRKLIN LAW FIRM PLLC
12600 N. Featherwood Dr., Suite 225
Houston, Texas 77034

BY: ___/S/   R. Bruce Tharpe_____
R. Bruce Tharpe