UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| YVONNE CLAYTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:24-CV-01724 |
| | § | |
| EMILY REAL ESTATE LLC, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the Court are (1) Plaintiff Yvonne Clayton's Original Motion for Summary Judgment (Doc. #18), Defendant Emily Real Estate LLC's Response (Doc. #20) and Supplemental Response (Doc. #27), and Plaintiff's Reply (Doc. #21); (2) Defendant's Motion to Find Alleged Admissions are Not Deemed Admitted or Alternatively to Withdraw or Amend Deemed Admissions (the "Motion") (Doc. #19), to which Plaintiff has not responded; and (3) Plaintiff's Amended Motion for Summary Judgment (Doc. #28), Defendant's Response (Doc. #29), Plaintiff's Reply (Doc. #30), and Defendant's Sur-Reply (Doc. #31). Having considered the parties' arguments, the submissions, and the applicable legal authority, the Court denies Plaintiff's Original Motion for Summary Judgment, grants Defendant's Motion in part, and denies Plaintiff's Amended Motion for Summary Judgment.

### I. Background

In April 2024, Plaintiff—a person with a physical disability and mobility impairments—went to Helmer Cleaners, a business located in Pasadena, Texas and owned by Defendant. Doc. #1 ¶¶ 5–6, 11. Plaintiff alleges that when she went to Helmer Cleaners, there were no American

Disabilities Act ("ADA") compliant van-accessible parking spaces near the business entrance, nor were there any handicap parking signs. *Id.* ¶¶ 8–10. As a result, Plaintiff alleges she was denied full and equal access to facilities, privileges, and accommodations offered by Defendant. *Id.* ¶ 12.

Plaintiff filed her Complaint on May 8, 2024, alleging that Defendant violated Title III of the ADA, 42 U.S.C. §§ 12181, *et seq.*, and seeking declaratory and injunctive relief, attorney's fees, and costs. *Id.* ¶¶ 1, 16–22. On September 16, 2024, Plaintiff propounded written discovery upon Defendant, including a Request for Admissions. Doc. #18, Ex. 3 at 2. Plaintiff's counsel asserts that he emailed the Request for Admissions to opposing counsel and sent it via regular U.S. mail, meaning that Defendant's response was due October 16, 2024. *Id.* Defendant's counsel received the email, but asserts that he never received the Request for Admissions via regular mail. Doc. #19, Ex. 1 at 1–2. Thus, according to Defendant, the Request for Admissions was never properly served. On October 31, 2024, Defendant's counsel emailed Plaintiff's counsel and stated that he never received the discovery requests in the mail, but that "out of an abundance of caution," he was providing a response to the Request for Admissions that he received via email. *Id.* at 2.

On November 18, 2024, Plaintiff filed her Original Motion for Summary Judgment, arguing that Defendant failed to timely respond to the Request for Admissions, and thus they are deemed admitted. Doc. #18. As a result, Plaintiff argues she is entitled to summary judgment on all of her claims. *Id.* On November 25, 2024, Defendant filed its Response to the Original Motion for Summary Judgment, as well as its Motion. Doc. #19; Doc. #20. In both filings, Defendant asserts that the Request for Admissions was not properly served, and therefore its response was not late. Doc. #19; Doc. #20. In the alternative, Defendant asks the Court to withdraw any deemed admissions because it responded to the Request for Admissions on October 31, 2024—only fifteen days after the purported deadline. Doc. #19; Doc. #20.

On December 16, 2024, the Court received a letter from Plaintiff requesting a hearing regarding a discovery dispute. Specifically, Plaintiff acknowledged that Defendant had responded to the Request for Admissions, but asked the Court to compel Defendant to amend its response. On January 31, 2025, the Court held a hearing and resolved the parties' discovery dispute as stated on the record. On February 1, 2025, Defendant filed a Supplemental Response to the Original Motion for Summary Judgment. Doc. #27. The Supplemental Response attaches numerous photos of Helmer Cleaners showing that the property now has labeled handicap parking spaces. *Id.* at 3.

On February 19, 2025, Plaintiff filed its Amended Motion for Summary Judgment, arguing that the Supplemental Response admitted that Defendant's property was not ADA-compliant when Plaintiff visited Helmer Cleaners in April 2024. Doc. #28 at 3. Plaintiff also asserts that, even though Defendant is no longer violating the ADA, she still seeks a permanent injunction, attorney's fees, and costs. *Id.* at 5–6. Finally, Plaintiff's Amended Motion for Summary Judgment seeks sanctions against opposing counsel, arguing Defendant failed to properly supplement its discovery responses in compliance with the Court's directives at the January 31 hearing. *Id.* at 6–7.

## II.    Legal Standard

Summary judgment is proper where there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). "A genuine dispute as to a material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Rogers v. Bromac Title Servs., L.L.C.*, 755 F.3d 347, 350 (5th Cir. 2014) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "The moving party bears the initial burden on demonstrating the absence of a genuine issue of material fact." *Carnes Funeral Home, Inc. v. Allstate Ins. Co.*, 509 F. Supp. 3d 908, 915 (S.D. Tex. 2020) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). If that burden is met, "the burden shifts to the non-

moving party to set forth specific facts showing a genuine issue for trial." *Id.* (citing FED R. CIV. P. 56(e)). Courts must "construe[] 'all facts and inferences in the light most favorable to the nonmoving party.' Summary judgment may not be thwarted by conclusional allegations, unsupported assertions, or presentation of only a scintilla of evidence." *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012) (quoting *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir.2010)).

**III.    Analysis**

    **a.    Plaintiff's Original Motion for Summary Judgment and Defendant's Motion**

Plaintiff's Original Motion for Summary Judgment is entirely premised on Defendant's alleged failure to timely respond to the Request for Admissions. Doc. #18. Defendant's Motion, however, asks the Court to either (1) hold that it has not made any admissions because Plaintiff never properly served the Request for Admissions, or (2) allow Defendant to withdraw the alleged deemed admissions because it ultimately responded to the Request for Admissions only fifteen days after the deadline. Doc. #19.

"Federal Rule of Civil Procedure 36(a)(1)(A) allows parties to serve requests for admissions concerning the truth of matters relating to 'facts, the application of law to fact, or opinions about either.'" *Hernandez v. Smith*, 793 F. App'x 261, 266 (5th Cir. 2019) (quoting FED. R. CIV. P. 36(a)(1)(A)). A "matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." FED. R. CIV. P. 36(a)(3). "Deemed admissions 'can lead to a grant of summary judgment against the non-responding party.'" *Allen v. Ocwen Loan Servicing, LLC*, No. CV H-15-1672, 2015 WL 12778694, at *3 (S.D. Tex. Dec. 24, 2015) (quoting *Murrell v. Casterline*, 307 F. App'x 778, 780 (5th Cir. 2008) (per curium)).

However, "Rule 36(b) further provides that a 'matter admitted under this rule is

4

conclusively established unless the court, on motion, permits the admission to be withdrawn or amended.'" *Hernandez*, 793 F. App'x at 266 (quoting FED. R. CIV. P. 36(b)). "[T]he court may permit withdrawal of deemed admissions if (1) there is a motion requesting that the deemed admissions be withdrawn or amended; (2) allowing withdrawal promotes presentation of the merits; and (3) allowing withdrawal would not prejudice [the nonmoving party]." *Ghanem v. Nationstar Mortg., LLC*, No. CIV.A. H-14-3091, 2015 WL 5838873, at *2 (S.D. Tex. Oct. 7, 2015).

Here, the Court need not resolve the issue of whether the Request for Admissions was properly served because, assuming it was, Defendant should be allowed to withdraw or amend pursuant to Rule 36(b). First, Defendant has filed a motion requesting that the deemed admissions be withdrawn or amended. *See* Doc. #19. Second, allowing Defendant to withdraw or amend its admissions would promote presentation of the merits of this case, because "denying withdrawal would have the practical effect of eliminating any presentation of the merits of the case." *Le v. Cheesecake Factory Restaurants Inc.*, No. 06-20006, 2007 WL 715260, at *2 (5th Cir. Mar. 6, 2007). Third, Plaintiff has entirely failed to respond to Defendant's Motion, much less outline any prejudice she may suffer. As such, the Court finds allowing withdrawal or amendment will not prejudice Plaintiff. Thus, Defendant's Motion should be granted insofar as it asks the Court to allow it to withdraw or amend its deemed admissions. The Court will consider the response to the Request for Admissions submitted October 31, 2024 timely. Because the Original Motion for Summary Judgment is premised solely on Defendant's deemed admissions, it is denied.

### b. Plaintiff's Amended Motion for Summary Judgment

In the Amended Motion for Summary Judgment, Plaintiff asserts that Helmer Cleaners was not ADA-compliant in April 2024, though Defendant has since performed remediations that

brought the property into compliance. Doc. #28 at 3–4. Given the remediations, Plaintiff argues the "only substantive issue that remains is that Plaintiff seeks a permanent injunction to make sure the property remains ADA-compliant." *Id.* at 4. Plaintiff also seeks fees pursuant to the ADA as the prevailing party, and sanctions against Defendant's counsel for purported discovery violations. *Id.* at 4–7.

### 1. Permanent Injunction

Plaintiff seeks a permanent injunction pursuant to Title III of the ADA. Doc. #28 at 3–4. However, given that there is no dispute that the property at issue is now ADA-compliant due to Defendant's remediations, the issue is whether Plaintiff retains standing and therefore "whether the Court retains subject matter jurisdiction over [Plaintiff's] claims." *See Suarez v. Feldman's Real Est., Inc.*, No. 1:24-CV-104, 2025 WL 1046648, at *3 (S.D. Tex. Mar. 6, 2025), *report and recommendation adopted*, 2025 WL 890387 (S.D. Tex. Mar. 24, 2025). "To establish standing under the Constitution, plaintiffs must show, (1) an injury in fact—an invasion of a legally protected interest which is both concrete and particularized, (2) which is fairly traceable to the challenged action of the defendant, and (3) likely to be redressed by a favorable decision of the Court." *Id.* (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)).

In *Suarez*, the plaintiff was a disabled individual who visited a restaurant in Texas owned by the defendant. *Id.* at *1. The restaurant did not have ADA-compliant parking spaces, which prompted the plaintiff's lawsuit under the ADA. *Id.* After the lawsuit was filed, the defendant "fixed the parking lot and made it ADA compliant." *Id.* The plaintiff then moved for summary judgment, seeking a permanent injunction so that the property "remains ADA-compliant." *Id.* at *3. The district court determined that the plaintiff "lack[ed] standing, because his claim for declaratory relief, ADA-compliance, permanent injunction, and related attorney's fees [became]

6

moot due to [the defendant's] remediation efforts." *Id.* at *5. Thus, the court dismissed the case under Federal Rule of Civil Procedure 12(h)(3) for lack of subject matter jurisdiction and denied the plaintiff's summary-judgment motion. *Id.*

Here, as in *Suarez*, "[b]ecause [Defendant] fixed the parking lot, [Plaintiff] is unable to demonstrate to this Court that [s]he now has an injury in fact." *See id.* at *4. And Plaintiff's "past injury when visiting the parking lot in 2024 is not sufficient to sustain an injury in fact for [her] ADA lawsuit." *Id.* Moreover, in order to obtain the injunctive relief requested, Plaintiff must "show that there is a real and immediate threat of repeated injury." *Id.* However, Plaintiff has offered no evidence or argument that threat of future harm is likely, or that Defendant is likely to modify its property to bring it back out of compliance with the ADA. Thus, given that "[a]fter the filing of this litigation, [Defendant] brought the parking lot into compliance," Plaintiff's "claim became moot." *See id.* at *5. As a result, the Court finds Plaintiff lacks standing to assert her claims and this case must be dismissed pursuant to Rule 12(h)(3). *See* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

### 2. Fees

Plaintiff also seeks fees under the ADA, which allows a district court, "in its discretion," to award "the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs." 42 U.S.C. § 12205. To qualify as a prevailing party "requires three interrelated showings: '(1) the plaintiff must achieve judicially-sanctioned relief, (2) the relief must materially alter the legal relationship between the parties, and (3) the relief must modify the defendant's behavior in a way that directly benefits the plaintiff at the time the relief is entered.'" *Miraglia v. Bd. of Supervisors of La. State Museum*, 901 F.3d 565, 576 (5th Cir. 2018)

(quoting *Davis v. Abbott*, 781 F.3d 207, 214 (5th Cir. 2015)). "However, a defendant's voluntary change, after the plaintiff files a lawsuit, does not represent 'judicially-sanctioned relief' that satisfies the first prong of the prevailing-party test." *Suarez*, 2025 WL 890387, at *4.

Here, Defendant voluntarily remediated the parking lot without any order of the Court. Plaintiff has not received any judicially sanctioned relief in this case. Thus, the Court finds that Plaintiff has not demonstrated that she is a prevailing party, and her request for fees under the ADA is therefore denied.

### 3. Sanctions

Finally, Plaintiff has requested that this Court sanction Defendant. Doc. #28 at 6–7. Specifically, Plaintiff asserts, without any evidentiary support, that Defendant "failed to timely file supplementary responses to Requests for Production despite admonishment and pursuant to Court Order." *Id.* However, Defendant has submitted an email exchange demonstrating that counsel sent supplementary responses to the Requests for Production on February 13, 2025. Doc. #29 at 5. As such, the Court finds there is no basis to sanction Defendant based on alleged discovery violations.

Plaintiff also argues that Defendant's counsel has engaged in "aggressive conduct" by accusing Plaintiff's counsel of "lying" in an email. Doc. #28 at 6–7. The email in question came from Defendant's counsel after the January 31 discovery hearing, wherein Plaintiff's counsel indicated he had not been sent certain photos that Defendant attempted to present at the hearing. Following the hearing, counsel for Defendant discovered that he had in fact sent Plaintiff's counsel the photos in August 2024. *See* Doc. #27 at 4. This prompted Defendant's counsel to email Plaintiff's counsel inquiring why he "lied" about the photos not being sent. *See* Doc. #29 at 6. The Court finds that this email does not give rise to sanctions. Therefore, Plaintiff's request for

sanctions is denied.

**IV. Conclusion**

In conclusion, the Court finds that Defendant's Motion (Doc. #19) is hereby GRANTED IN PART, as stated herein. The Court will consider Defendant's response to the Request for Admissions submitted on October 31, 2024 timely. Plaintiff's Original Motion for Summary Judgment (Doc. #18) and Amended Motion for Summary Judgment (Doc. #28) are DENIED. In addition, because Plaintiff lacks standing, her claims are DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.

It is so ORDERED.

JUL 2 4 2025
_____
Date

_____
The Honorable Alfred H. Bennett
United States District Judge

9